## W. A. WORK & SON *v.* MITCHELL & WANZER.

When a petition sets forth a contract for the sale and delivery of goods, to be delivered in lots, at different times, and assigns two breaches, one that those actually delivered did not correspond, in quality, with the terms of the contract; the other, that a portion contracted for were not delivered at all: this constitutes two distinct causes of action, which the code requires to be separately stated; and the petition, if faulty in this respect, will, on motion, be required to be remodeled.

SPECIAL TERM.—On motion, by defendants, to require the plaintiffs, in their amended petition, to separate their causes of action into distinct counts. The contents of the amended petition are sufficiently stated in the decision.

*King, Anderson & Sage* and *Edward Woodruff*, for plaintiffs.

*Tilden, Rairden & Curwen*, for defendants.

STORER, J. The defendants move to strike out portions of the plaintiffs' petition, and to require them to make separate claims, as it is assumed that distinct causes of action are blended in the count.

The plaintiffs declare upon a contract, which they aver was made by them with defendants, for the sale and delivery of "four hundred tierces of beef, to be sugar-cured, sweet, and every way of good and merchantable quality, properly canvased, and packed in good and sufficient tierces, proper and ready for shipment to the plaintiff in New York, and to be delivered in lots of not less than twenty-five tierces each, viz: One hundred tierces in the month of May, 1855; one hundred tierces in June; one hundred in July; and one hundred in August; to be paid for by plaintiffs at the rate of eleven cents per pound. It is then averred that the defendants delivered, upon the contract, in May and June, two hundred and one tierces of beef, which were stated in

the bills of lading, to weigh 53,850 pounds, for which quantity the plaintiffs paid the defendants; and further, the plaintiffs state that they were ready, willing, and able to have received and paid for the remainder of the beef, if the defendants had delivered it. There is, then, this allegation : " But the defendants did not, nor would not furnish and deliver to the plaintiffs four hundred tierces of beef, as contracted for. On the contrary, the two hundred and one already delivered were not such as they contracted to sell and deliver, in quantity or quality, by means of which they were compelled to sell at a great loss, for which they claim the defendants shall indemnify them."

It is also claimed, that in consequence of the non-delivery of the remainder of the beef, they have been deprived of the profits which they would have derived from the sale thereof; and for this they ask remuneration.

It is evident the plaintiffs assert two causes of action ; and the question is, are they such as the code requires to be separately stated ? The language of section 86 is : " Where the petition contains more than one cause of action, each shall be separately stated and numbered."

There can be no objection to the joinder of both these causes of action in the petition, as assumpsit would lie, before the code, for each, and the same pleas might be made to both. But, as well before the code, as now, in every such case there must be separate counts.

Under our present practice, especially, the plaintiffs ought to be held to the requisition of our new system, not only to preserve, as far as practicable, the legal distinctions that exist between the causes of action embraced in their petition, but to enable the defendants to answer fully, definitely, and clearly, so that the facts alleged may be traversed or admitted, and the court be able to understand the precise points in controversy.

We must require the plaintiffs to remodel their petition, by stating, in distinct clauses, the claims. First, upon the warranty of quality, which is alleged as the ground to recover

the amount of loss sustained by the assumed unsoundness of the beef. Secondly, upon the breach of contract to deliver the remaining two hundred tierces. Thirdly, for the deficiency in the weight, as paid for, and what it actually should be.

Other questions are made, but we do not think it proper to prejudge the case by affirming general principles, which it may not be just to either party to apply until the action is tried upon its merits.

There is much in the petition, by way of narration, that might be dispensed with, and, as a general rule, ought to be omitted, it being the statement of evidence rather than the pleading of a fact necessary to make out the plaintiffs' case. We will not now indicate what should have been left out, but permit the plaintiffs to restate their causes of action. The fault is not, as we find, from the pleadings submitted to us in a great majority of cases, that there is too much averred, but, on the contrary, by far too little. While we should guard the code from abuse on the one hand, by the repetition of the same facts and all unnecessary verbiage, especially the use of words strung together to describe the same fact, when they are all synonymous, we must vindicate the system, by requiring at least, a clear and explicit setting forth of the cause of action in language that is not equivocal, or so brief that it may require other words to be interposed before it can be understood.

The motion to compel the causes of action to be restated, and the petition to be remodeled, is granted.